# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.:

WILFRED MONDESTIN

    Plaintiff,

vs.

ATLANTIC / PALM BEACH AMBULANCE, INC.

    Defendant.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, WILFRED MONDESTIN, through counsel, sues Defendant, ATLANTIC/PALM BEACH AMBULANCE, INC., and alleges the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiff resides in Broward County, Florida and is a past employee of Defendant.

3. Defendant, ATLANTIC/PALM BEACH AMBULANCE, INC., (Hereinafter "Defendant") is a foreign profit corporation which is registered and is conducting business within the State of Florida.

4. At all times material hereto, Defendant was engaged in commerce transporting patients to and from doctors and nursing homes and as part of its operations, caused its employees inlcuding Plaintiff to handle materials and further utilized equipment and tools that were manufactured in other states and had moved in interstate commerce.

5. At all times material hereto, Defendant was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was an "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant as an ambulance driver transporting patients to doctors and nursing homes and driving locally.

7. During part of Plaintiff's employment (specifically from about 5/21/2014 to 2/17/2017, 143 weeks), Plaintiff accrued damages in the amount of $21,836.10. Plaintiff was paid some overtime hours by check for work performed. However, Plaintiff was not paid all overtime hours. Defendant's custom was to combine one week that Plaintiff worked 55 hours a week with the other week that Plaintiff worked 30 hours a week for a total of 85 hours, and as a result, the Defendant would pay the Plaintiff 5 hours of overtime instead of paying the Plaintiff for 15 hours of overtime every other week. The estimated amount of damages owed to the Plaintiff is as follows: 143 weeks worked x 5.09 half time rate (for $10.19) x 15 hours of overtime per week x 2 (liquidated damages) = $21,836.10.

8. Defendant has knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that he was not exempt from overtime.

9. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
# VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

11. Plaintiff reavers and realleges paragraphs 1-10 herein.

12. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone: (954) 585-4878
Facsimile: (954) 585-4886
E-Mail: JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409